UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alexander Nelson,<br><br>                    Plaintiff,<br><br>v.<br><br>American Modern Insurance Group, Inc.,<br>NCM Insurance Agency,<br><br>                    Defendants. | Court File No.   0:24-cv-575<br><br>[Fourth Judicial District of Minnesota:<br>Hennepin County Docket No. 27-CV-24-774]<br><br>**NOTICE OF REMOVAL**<br><br>**[DIVERSITY JURISDICTION]** |

**PLEASE TAKE NOTICE** that Defendant American Modern Insurance Group, Inc. ("American Modern"), hereby removes this civil action to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. §§ 1441(c) and 1446, and in accordance with 28 U.S.C. § 1332, and with the consent of Co-Defendant NCM Insurance Agency, LLC ("NCM"), on the following grounds:

1.	A defendant has a right of removal where an action is brought in a state court over which the United States District Court has original jurisdiction. 28 U.S.C. § 1441.

2.	This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) Plaintiff is diverse from both Defendants (i.e., complete diversity), and (2) the amount-in-controversy exceeds $75,000.

3.	Venue is proper in this District because the Fourth Judicial District of Minnesota, Hennepin County is within the District of Minnesota.

## BACKGROUND

4. On or about January 14, 2024, Plaintiff Alexander Nelson, who is proceeding pro se, commenced a second civil action against Defendants American Modern and NCM Insurance Agency LLC ("NCM") in the Fourth Judicial District of Minnesota, Hennepin County, Docket No. 27-CV-24-774 ("*Nelson II*").

5. Outside Counsel for American Modern, who is not a registered agent nor authorized to accept service on behalf of American Modern, first received a copy of the *Nelson II* Complaint on January 23, 2024 when delivered by the Hennepin County Sheriff to Outside Counsel's law firm. As such, the service was improper. On January 29, 2024, Counsel for American Modern completed and returned a waiver of service under Minnesota Rule of Civil Procedure 4.05 for *Nelson II*.

6. The *Nelson II* Complaint alleges that Defendants violated Minnesota's Human Rights Act and seeks monetary relief and injunctive relief pursuant to Minn. Stat. §§ 363A.11 and 363A.29.

## RELATED CASE

7. Mr. Nelson is currently litigating a nearly identical case in this District. *See Nelson v. Am. Modern Insurance Group, Inc. et al.*, No. 23-cv-525 (NEB/JFD) ("*Nelson I*"). *Nelson I* is currently pending before Judge Brasel and Magistrate Docherty. *Nelson II* shares common issues of law and fact and shares identical parties with *Nelson I*.

8. Mr. Nelson filed the *Nelson I* in Minnesota State Court in December 2022. American Modern timely removed that action to this Court on March 3, 2023. (*See Nelson I*, No. 23-cv-525, Dkt. No. 1.) Under the current Amended Pretrial Scheduling Order in

*Nelson I*, fact discovery closes on May 1, 2024, and the parties' dispositive motions are to be filed by November 1, 2024. (*Id.*, Dkt. No. 123.)

9. Pursuant to § 4 of the Court's Order for Assignment of Cases,[1] a new civil case is "related" to another case if:

> i. "The two cases share common issues of law or fact, common parties or other common factors;
>
> ii. A decision or opinion in one of the cases will effectively resolve substantially all of the issues in the other case; or
>
> iii. The interests of justice or judicial economy would be best served if the two actions were handled by a single judge…."

10. *Nelson II* is nearly identical to the currently pending *Nelson I*, and as such, should be deemed "related." Pursuant to § 4(b) of the Court's Order for Assignment of Cases, the Clerk should notify the judge assigned to *Nelson II* and the judge assigned to *Nelson I* about the related cases, and the two judges shall confer. If the judges agree the two cases are related, then the judges "must enter a written order directing the Clerk to reassign that new case to the judge whom the earlier case was assigned."

11. Accordingly, American Modern respectfully requests that *Nelson II* be reassigned to Judge Brasel and Magistrate Docherty as they are currently presiding over *Nelson I*.

---

[1] https://www.mnd.uscourts.gov/sites/mnd/files/Order-for-Assignment-of-Cases.pdf.

## REMOVAL OF *NELSON II* IS PROPER

**I.    The Court has Original Jurisdiction Under 28 U.S.C. § 1332(a).**

12.    A federal district court has original jurisdiction over all civil actions in which (1) the dispute is between citizens of different states, and (2) the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a). Those requirements are satisfied here because Mr. Nelson is a citizen of Minnesota and Defendants are citizens of other states, and the *Nelson II* Complaint seeks damages exceeding $75,000.

**A.    Alexander Nelson is diverse from both American Modern and NCM.**

13.    In *Nelson II*, Alexander Nelson alleges that he "was in Hennepin County when the cause of action formed in this matter." (*Nelson II* Compl. ¶ 1.) American Modern's understanding, based on this allegation and its dealings with Mr. Nelson in *Nelson I*, that Mr. Nelson is a citizen of Minnesota.

14.    American Modern is a citizen of Ohio because it is a corporation organized under the laws of the Ohio and its principal place of business is located in Amelia, Ohio.

15.    For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members. *Onepoint v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

16.    NCM is an LLC with six members, none of which are citizens of Minnesota: Michael Newlander is a citizen of Illinois, Christopher Wiseman and Adam Boca are citizens of Kentucky, Arthur Bell is a citizen of Maryland, Charles Fast is citizen of Florida, and Sharon Brawner is a citizen of Tennessee.

17.    Accordingly, there is complete diversity between Mr. Nelson and both Defendants.

**B.    The amount-in-controversy exceeds $75,000.**

18.    Under 28 U.S.C. § 1446(c), the sum demanded in good faith in a plaintiff's initial pleading shall be deemed the amount in controversy. And this Court "may consider total compensatory damages, treble damages, punitive damages and attorney's fees" in determining the amount in controversy. *Gabrielson v. Hartford Co.*, 2008 WL 1745660, *1 (D. Minn. 2008); s*ee also Peterson v. Travelers Indemnity Co.*, 867 F.3d 992 (8th Cir. 2017) (adding potential emotional distress, punitive damages, and attorneys' fee to actual damages of $5,000 to find amount-in-controversy satisfied).

19.    In *Nelson II*, Mr. Nelson demands three distinct categories of damages. (*Nelson II* Compl. ¶ 11.) First, Mr. Nelson demands for "lost money having to pay regular vehicle insurance . . . inconveniencing arrangements . . . and for the headache of bringing and maintaining this suit." (*Id.*) For this category, he seeks "damages in excess of $50,000, but not greater than $70,000." (*Id.*) Second, Mr. Nelson demands "damages for physical injury…." (*Id.*) Third, Mr. Nelson demands "damages for garden variety mental anguish…." (*Id.*) He does not specify a sum of damages for his second and third category of damages demanded. (*Id.*) In addition, although it is not clear what category of damages Mr. Nelson is referring to, he seeks "trebling of those damages as Defendants' disregard for the law is flagrant." (*Id.*)

20.    Taken all three categories together and considering the demand for treble damages, Mr. Nelson has alleged damages that satisfy 28 U.S.C. § 1332(a)'s amount-in-controversy requirement. *See Peterson*, 867 F.3d 992.

## II. Removal is Timely and the Procedural Requirements are Satisfied.

21. Defendants American Modern and NCM unanimously consent to removal.

22. Although American Modern disputes the sufficiency of service, this Notice of Removal is filed within 30 days after Mr. Nelson provided Outside Counsel for American Modern the *Nelson II* Complaint on January 23, 2024 and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1) and Fed. R. Civ. P. 6(a)(1)(C).

23. Copies of the documents constituting all documents in the *Nelson II* State Court Action that were served on American Modern, as well as a printout of the docket, are attached to this Notice as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

24. Pursuant to 28 U.S.C. § 1446(d) and concurrently with the filing of this Notice of Removal, American Modern will (1) provide Mr. Nelson with written Notice of Removal, and (2) file a copy of the Notice of Removal in the State Court Action. A copy of the Notice of Filing of Notice of Removal that will be filed in the *Nelson II* State Court Action is attached hereto as **Exhibit B**.

Dated: February 22, 2024

/s/ *Diego E. Garcia*
Larry E. LaTarte (0397782)
Diego D. Garcia (0403581)
Counsel for Defendant American Modern Insurance Group, Inc.
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel. (612) 766-7000
Fax (612) 766-1600
Larry.LaTarte@faegredrinker.com

**AND**

/s/ *Stephen P. Couillard* (*with consent*)
Stephen P. Couillard (0040038)
Counsel for Defendant NCM Insurance Agency LLC
**STICH, ANGELL, KREIDLER & UNKE, P.A**.
France Place
3601 Minnesota Drive, Suite 450
Minneapolis, MN 55435
Tel. (612) 305-4537
Fax (612) 333-1940
scouillard@stichlaw.com