# EXHIBIT A



**MINNESOTA JUDICIAL BRANCH**
MINNESOTA COURT RECORDS ONLINE (MCRO)

## Case Details (Register of Actions)

Search executed on 02/22/2024 12:08 PM

### Case Information

- **Case Number:** 27-CV-24-774
- **Case Title:** Alexander Nelson vs American Modern Insurance Group, NCM Insurance Agency
- **Case Type:** Discrimination
- **Date Filed:** 01/14/2024
- **Case Location:** Hennepin County, Hennepin Civil
- **Judicial Officer:** Miller, Laurie J.
- **Case Status:** Open
- **Case Flag:** SRL Mandatory eFiler

### Party Information

**Plaintiff**
Nelson, Alexander
Minneapolis, MN 55440

Self-Represented Litigant

**Defendant**
American Modern Insurance Group
Amelia, OH 45102

Self-Represented Litigant

**Defendant**
NCM Insurance Agency
Bowling Green, KY 42101

Self-Represented Litigant

### Case Events

| Date | Event | Document |
|---|---|---|
| 02/10/2024 | Waiver of Personal Service<br>Index #8 | 2 pages |
| 02/10/2024 | Supplemental Affidavit for Fee Waiver<br>Filed By: Plaintiff Nelson, Alexander<br>Index #7 | |
| 01/22/2024 | Notice of Case Assignment<br>Index #4 | 1 page |
| 01/19/2024 | Complaint-Civil<br>Index #6 | 4 pages |
| 01/19/2024 | Summons<br>Index #5 | 1 page |
| 01/17/2024 | Order Granting Fee Waiver<br>Judicial Officer: Draeger, Amy<br>Filed By: Plaintiff Nelson, Alexander<br>Index #3 | 2 pages |

| 01/14/2024 | Affidavit to Request Fee Waiver |
|---|---|
|  | Filed By: Plaintiff Nelson, Alexander |
|  | Index #2 |

| 01/14/2024 | Complaint-Civil | 4 pages |
|---|---|---|
|  | Index #1 |  |

## Financial Information

**Plaintiff - Nelson, Alexander**

| | Fines and Fees | $ | 397.00 |
|---|---|---|---|
| | Total Payments and Credits | - $ | 397.00 |
| | Current Balance as of 02/22/2024 | $ | 0.00 |

**Transaction Details**

| 01/23/2024 | Credit-IFP/Fee Waiver | - $ | 100.00 |
|---|---|---|---|
| 01/23/2024 | Charge | $ | 100.00 |
| 01/22/2024 | Credit-IFP/Fee Waiver | - $ | 297.00 |
| 01/22/2024 | Charge | $ | 297.00 |

Search executed on 02/22/2024 12:08 PM

District Court of Hennepin County
State of Minnesota

# COMPLAINT

Alexander Nelson,

        Plaintiff,        Case No. _____

    v.        **Violation of Minn. Stat. § 363A.11 & 363A.17 of the Minnesota Human Rights Act (MHRA)**

American Modern Insurance Group,
NCM Insurance Agency,

        Defendants.        **JURY TRIAL DEMANDED**

_____

    1.) Plaintiff Alexander Nelson was in Hennepin County when the cause of action formed in this matter.

    2.) Defendants both operate their insurance businesses in the state of Minnesota and have both "purposefully availed [themselves] of the privilege of conducting activities within the jurisdiction". See *Rostad v. On-Deck, Inc.*, 372 NW 2d 717 - Minn: Supreme Court (1985), at 719. Defendants are therefore both places of public accommodation within the meaning of Minn. Stat. § 363A.11. See also *United States Jaycees v. McClure*, 305 NW 2d 764 - Minn: Supreme Court (1981). Both Defendants also conduct their businesses in Minnesota pursuant to Minn. Stat. 363A.17.

    3.) Defendants have a long-standing policy of refusing to provide classic automobile coverage for people who do not have a daily use vehicle.

    4.) On October 10, 2023, Plaintiff made a reasonable accommodation request to Defendants pursuant to the Minnesota Human Rights Act (MHRA) to waive their daily driving vehicle requirement for coverage of his classic automobile, explaining that his disabilities prevented him from operating a vehicle daily, but not did not prevent him from owning or occasionally driving a classic automobile. After not hearing back from Defendants or their attorneys after they had clearly received Plaintiff's request, Plaintiff reiterated it again to Defendants and their attorneys on December 18, 2023.

5.) Plaintiff has explained to Defendants the nature of his disabilities and how the accommodation he requested ameliorates the effects of those disabilities. Plaintiff has also informed and shown proof to Defendants that he receives social security due to many of his disabilities, which represents a prior federal decision of substantial impairment in his ability to conduct daily living activities.[1] Plaintiff has also developed a substantial and material visual impairment, diagnosed and well-recorded with healthcare specialists, such as optometrists and ophthalmologists, which often renders him unable to prepare his own food, change his clothes, or take a shower without assistance, also making him a disabled and handicapped person pursuant to the MHRA.[2] Plaintiff further offered to continue the discussion concerning his disability to facilitate his reasonable accommodation requests but both Defendants and their attorneys refused to communicate with Plaintiff concerning his requests after clearly receiving and understanding them, refusing to timely[3] take any more information from him. Defendants never engaged in any related questioning or discussion, or communicated to Plaintiff that they had attempted to make any determination on the reasonableness of Plaintiffs' accommodation requests.[4]

6.) After having ample time and ability to assert any legitimate reason their requirement for a daily use vehicle exists, Defendants and their attorneys have failed to offer a single explanation for it. Plaintiff therefore averres that Defendants' requirement for a daily use vehicle in order to obtain classic automobile insurance exists for the sole purpose of making disabled people, who are wrongfully perceived to be a greater accident risk, ineligible for insurance, which is illegal disparate treatment under the MHRA.

---

[1] "To be eligible for SSI benefits, [one] must prove that [he] is disabled, which is defined as 'the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.' 20 C.F.R. § 416.905 (1991)." See *Baker v. Secretary of Health and Human Services,* 955 F. 2d 552 - Court of Appeals, 8th Circuit (1992), at 555.

[2] See Minn. Stat. § 363A.03(12) (defining "disability" as "any condition or characteristic that renders a person a disabled person." (emphasis added)). To be a disabled person, Mr. Nelson must allege "(1) [he] has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) [he] has a record of such an impairment; or (3) [he] is regarded as having such an impairment."

[3] "An unreasonable delay in providing an accommodation for [a] disability can amount to a failure to accommodate [a] disability" See *McCray v. Wilkie*, 966 F. 3d 616 - Court of Appeals, 7th Circuit (2020).See also *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004) (noting that courts analyze the MHRA and ADA similarly).

[4] "[T]he ADA imposes an obligation to investigate whether a requested accommodation is reasonable." See *Duvall v. County of Kitsap*, 260 F. 3d 1124 - Court of Appeals, 9th Circuit (2001), at 1136. See also *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004) (noting that courts analyze the MHRA and ADA similarly).

      7.)  Plaintiff has suffered personal financial loss due to Defendants' discrimination, physical injury due to the financial loss, and garden variety mental anguish. Plaintiffs have suffered "injury-in-fact". See *Webb Golden Valley, LLC v. State*, 865 NW 2d 689 - Minn: Supreme Court (2015).

      8.)  Plaintiffs therefore commence this action against both Defendants for violation of the Minnesota Human Rights Act (MHRA),

      9.)  Defendants have failed to reasonably accommodate Plaintiff's disabilities, have maintained barriers to Plaintiff accessing their services[5], and have engaged in disparate treatment discrimination under the MHRA. Plaintiff also contends that Defendants have acted toward him with discriminatory animus and "deliberate indifference", which is very much evident in the lack of response Plaintiff receives from Defendants and their attorneys. See *Duvall v. County of Kitsap*, 260 F. 3d 1124 - Court of Appeals, 9th Circuit (2001).

      10.)  See also *Sneh v. Bank of New York Mellon*, Dist. Court, Minnesota (2012): "See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints, 'however inartfully pleaded' are held to 'less stringent standards than formal pleadings drafted by lawyers.'). '"[I]f the court can reasonably read the pleadings to state a valid claim on which the [plaintiff] could prevail, it should do so despite the [plaintiff's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."' *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991))."

      11.)  **WHEREFORE,** Plaintiff seeks damages in excess of $50,000, but not greater than $70,000, for lost money having to pay regular vehicle insurance elsewhere exceeding what Plaintiff would have paid under Defendants' insurance policies notwithstanding their discrimination, for having to make inconveniencing arrangements with other insurance providers due to that discrimination, and for the headache of bringing and maintaining this suit. Plaintiff also seeks damages for physical injury incurred due to the loss of subsistence money which has been consumed as a result of Defendants' denial of his reasonable accommodation requests, their barriers to access, and their disparate treatment. Plaintiff further requests for trebling of those damages as Defendants' disregard for the law is flagrant. Plaintiff also seeks damages for garden variety mental anguish for those violations, for injunctive and/or declaratory relief, and all other relief as deemed just and appropriate by the Court.

---

[5] See *Dalton v. KWIK TRIP INC.*, Dist. Court, Minnesota (2021) (holding that a barrier to access need not only be "structural" and listed within the ADA Accessibility Guidelines to be actionable). See also *Independent Living Resources v. Oregon Arena Corp.*, 982 F. Supp. 698 - Dist. Court, D. Oregon (1997), at 718: "Defendant[s ... have] the ability to alter the challenged policies and practices (and) ... it is appropriate to address the challenged policies and practices in the context of this case."

Under penalty of perjury, I declare that the foregoing is true and correct to the best of my knowledge.

Respectfully Submitted,

*[signature]*

Alexander Nelson, Plaintiff in Propria Persona
Dated: January 14, 2024

| | |
|---|---|
| **State of Minnesota** | **District Court** |
| County of Hennepin | Court File Number: 27-CV-24-774 |
| Fourth Judicial District | Case Type: Discrimination |

Alexander Nelson vs American Modern Insurance Group, NCM Insurance Agency

## Order Granting Fee Waiver Request

Based on the affidavit of the applicant, Alexander Nelson, and the authority of Minn. Stat. § 563.01, the Court FINDS:

1. The applicant's claims are either:

   ☒ Not frivolous, and the applicant meets at least 1 of the 3 eligibility criteria listed under Minn. Stat. § 563.01, subd. 3(b):
   - Receives public assistance as described in Minn. Stat. § 550.37, subd. 14;
   - Is represented by an attorney on behalf of a civil legal services program or volunteer attorney program based on indigency; and/or
   - Has an annual income less than or equal to 125% of the poverty line.

   **OR**

   ☐ Not frivolous, and the applicant does not meet the eligibility criteria under Minn. Stat. § 563.01, subd. 3(b). However, the applicant is not able to pay all of the fees, costs, and security for costs.

**IT IS ORDERED THAT:**

1. The applicant is authorized to proceed under a full or partial fee waiver.
2. ☒ The applicant shall not be required to pay any fees, costs, and security.

   **OR**

   ☐ The applicant does not receive public assistance, does not have an income below 125% of the poverty line, and is not represented by a civil legal services or volunteer attorney program based on indigency. However, the applicant is not able to pay all fees, costs, and security for costs. The applicant shall pay $         towards fees, costs, and security, which shall be due immediately upon filing.

3. All necessary pleadings in this proceeding shall be served by the Sheriff of the appropriate county as requested without payment of any fees or costs.

4. If, following the start of the action, the applicant no longer meets the eligibility criteria under Minn. Stat. § 563.01, subd. 3(b), or becomes able to pay a higher amount than previously ordered, the Court may order reimbursement of all or a portion of the fees, costs, and security for costs.

5. If funds are recovered by either settlement or judgment in this action, the costs deferred and expenses directed by the Court to be paid in this order shall be included in such settlement or judgment and shall be paid directly to the Court Administrator by the opposing party.

6. This order expires one year from the date of this order, unless otherwise amended or altered by the court. The applicant shall reapply if the applicant seeks to request a fee waiver after the one-year period.

Recommended by:                                          BY THE COURT:

_Draeger, Amy 2024.01.17 11:53:21 -06'00'_              _/s/ signature_

Referee of District Court        Date                    Judge of District Court        Date
                                                                                        01/17/2024

District Court of Hennepin County
State of Minnesota

# COMPLAINT

Alexander Nelson,

        Plaintiff,          Case No. 27-CV-24-774

v.          **Violation of Minn. Stat. § 363A.11 & 363A.17 of the Minnesota Human Rights Act (MHRA)**

American Modern Insurance Group,
NCM Insurance Agency,

        Defendants.          **JURY TRIAL DEMANDED**

_____

1.) Plaintiff Alexander Nelson was in Hennepin County when the cause of action formed in this matter.

2.) Defendants both operate their insurance businesses in the state of Minnesota and have both "purposefully availed [themselves] of the privilege of conducting activities within the jurisdiction". See *Rostad v. On-Deck, Inc.*, 372 NW 2d 717 - Minn: Supreme Court (1985), at 719. Defendants are therefore both places of public accommodation within the meaning of Minn. Stat. § 363A.11. See also *United States Jaycees v. McClure*, 305 NW 2d 764 - Minn: Supreme Court (1981). Both Defendants also conduct their businesses in Minnesota pursuant to Minn. Stat. § 363A.17.

3.) Defendants have a long-standing policy of refusing to provide classic automobile coverage for people who do not have a daily use vehicle.

4.) On October 10, 2023, Plaintiff made a reasonable accommodation request to Defendants pursuant to the Minnesota Human Rights Act (MHRA) to waive their daily driving vehicle requirement for coverage of his trust's classic automobile, explaining that his disabilities prevented him from operating a vehicle daily, but did not prevent his trust from owning or him occasionally driving a classic automobile. After not hearing back from Defendants or their attorneys after they had clearly received Plaintiff's request, Plaintiff reiterated it again to Defendants and their attorneys on December 18, 2023.

5.) Plaintiff has explained to Defendants the nature of his disabilities and how the accommodation he requested ameliorates the effects of those disabilities. Plaintiff has also informed and shown proof to Defendants that he receives social security due to many of his disabilities, which represents a prior federal decision of substantial impairment in his ability to conduct daily living activities.[1] Plaintiff has also developed a substantial and material visual impairment, diagnosed and well-recorded with healthcare specialists, such as optometrists and ophthalmologists, which often renders him unable to prepare his own food, change his clothes, or take a shower without assistance, also making him a disabled and handicapped person pursuant to the MHRA.[2] Plaintiff further offered to continue the discussion concerning his disability to facilitate his reasonable accommodation requests but both Defendants and their attorneys refused to communicate with Plaintiff concerning his requests after clearly receiving and understanding them, refusing to timely[3] take any more information from him. Defendants never engaged in any related questioning or discussion, or communicated to Plaintiff that they had attempted to make any determination on the reasonableness of Plaintiffs' accommodation requests.[4]

6.) After having ample time and ability to assert any legitimate reason their requirement for a daily use vehicle exists, Defendants and their attorneys have failed to offer a single explanation for it. Plaintiff therefore averres that Defendants' requirement for a daily use vehicle in order to obtain classic automobile insurance exists for the sole purpose of making disabled people, who are wrongfully perceived to be a greater accident risk, ineligible for insurance, which is illegal disparate treatment under the MHRA.

---

[1] "To be eligible for SSI benefits, [one] must prove that [he] is disabled, which is defined as 'the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.' 20 C.F.R. § 416.905 (1991)." See *Baker v. Secretary of Health and Human Services,* 955 F. 2d 552 - Court of Appeals, 8th Circuit (1992), at 555.

[2] See Minn. Stat. § 363A.03(12) (defining "disability" as "any condition or characteristic that renders a person a disabled person." (emphasis added)). To be a disabled person, Plaintiff must allege "(1) [he] has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) [he] has a record of such an impairment; or (3) [he] is regarded as having such an impairment."

[3] "An unreasonable delay in providing an accommodation for [a] disability can amount to a failure to accommodate [a] disability" See *McCray v. Wilkie*, 966 F. 3d 616 - Court of Appeals, 7th Circuit (2020).See also *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004) (noting that courts analyze the MHRA and ADA similarly).

[4] "[T]he ADA imposes an obligation to investigate whether a requested accommodation is reasonable." See *Duvall v. County of Kitsap*, 260 F. 3d 1124 - Court of Appeals, 9th Circuit (2001), at 1136. See also *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004) (noting that courts analyze the MHRA and ADA similarly).

      7.)  Plaintiff has suffered personal financial loss due to Defendants' discrimination, physical injury due to the financial loss, and garden variety mental anguish. Plaintiffs have suffered "injury-in-fact". See *Webb Golden Valley, LLC v. State*, 865 NW 2d 689 - Minn: Supreme Court (2015).

      8.)  Plaintiff therefore commences this action against both Defendants for violation of the Minnesota Human Rights Act (MHRA),

      9.)  Defendants have failed to reasonably accommodate Plaintiff's disabilities, have maintained barriers to Plaintiff accessing their services[5], and have engaged in disparate treatment discrimination under the MHRA. Plaintiff also contends that Defendants have acted toward him with discriminatory animus and "deliberate indifference", which is very much evident in the lack of response Plaintiff receives from them and their attorneys. See *Duvall v. County of Kitsap*, 260 F. 3d 1124 - Court of Appeals, 9th Circuit (2001).

      10.)  See also *Sneh v. Bank of New York Mellon*, Dist. Court, Minnesota (2012): "See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints, 'however inartfully pleaded' are held to 'less stringent standards than formal pleadings drafted by lawyers.'). '"[I]f the court can reasonably read the pleadings to state a valid claim on which the [plaintiff] could prevail, it should do so despite the [plaintiff's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."' *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991))."

      11.)  **WHEREFORE,** Plaintiff seeks damages in excess of $50,000, but not greater than $70,000, for lost money having to pay regular vehicle insurance elsewhere exceeding what Plaintiff would have paid under Defendants' insurance policies notwithstanding their discrimination, for having to make inconveniencing arrangements with other insurance providers due to that discrimination, and for the headache of bringing and maintaining this suit. Plaintiff also seeks damages for physical injury incurred due to the loss of subsistence money which has been consumed as a result of Defendants' denial of his reasonable accommodation requests, their barriers to access, and their disparate treatment. Plaintiff further requests for trebling of those damages as Defendants' disregard for the law is flagrant. Plaintiff also seeks damages for garden variety mental anguish for those violations, for injunctive and/or declaratory relief, and for all other relief that is deemed just and appropriate by the Court.

---

[5] See *Dalton v. KWIK TRIP INC.*, Dist. Court, Minnesota (2021) (holding that a barrier to access need not only be "structural" and listed within the ADA Accessibility Guidelines to be actionable). See also *Independent Living Resources v. Oregon Arena Corp.*, 982 F. Supp. 698 - Dist. Court, D. Oregon (1997), at 718: "Defendant[s ... have] the ability to alter the challenged policies and practices (and) ... it is appropriate to address the challenged policies and practices in the context of this case."

Under penalty of perjury, I declare that the foregoing is true and correct to the best of my knowledge.

Respectfully Submitted,

*[signature]*

Alexander Nelson, Plaintiff in Propria Persona
Dated: January 17, 2024

HENNEPIN COUNTY  	DISTRICT COURT
STATE OF MINNESOTA  	FOURTH JUDICIAL DISTRICT
_____

Alexander Nelson,

       Plaintiff,

       Court File No. 27-CV-24-774

v.

       **SUMMONS**

American Modern Insurance Group,
& NCM Insurance Agency,
       Defendants.

_____

You are hereby summoned and required to serve upon the undersigned an Answer to the Complaint, which is herein served upon you within twenty (20) days of service of said Complaint, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you in the amount demanded in the Complaint.

*[signature: Alex Nelson]*

Dated: January 17, 2024

    Alexander Nelson, Pro Se Plaintiff
    General Delivery, Post Office
    Minneapolis, MN 55440
    Email: nelsonvamig2@gmail.com
    Electronic Filer & E-Service Contact
*** Electronic Service Requested Pursuant to the MHRA & ADA ***

State of Minnesota  
Hennepin County

District Court  
Fourth Judicial District  
Court File Number: 27-CV-24-774  
Case Type: Discrimination

# Notice of Judicial Assignment-General Civil Block Cases

FILE COPY

**Alexander Nelson vs American Modern Insurance Group, NCM Insurance Agency**

Date Case Filed: January 14, 2024  
All future papers must include the above file number, name of assigned judge, attorney identification number, and must otherwise conform to format requirements or they will be returned.

This case is assigned the following judicial officer for all further proceedings:

**District Court Judge Laurie J. Miller**  
612-543-0861

**Mailing Address:** 300 South Sixth Street, MC 332, Minneapolis, MN 55487-0332

**Parties**: If you receive this notice and have obtained an attorney, notify him/her of this assignment immediately.

**Attorneys**: <u>Only the first listed attorney for a party is being sent this notice</u>.  If you are the attorney receiving this notice, <u>contact all other attorneys</u> representing your party of the judge assignment and requirements.

The filing attorney/party is responsible for notifying all attorneys/parties not listed on the Civil Cover Sheet of the judge assignment and requirements.

Per Supreme Court order, e-filing is mandatory in this case for all attorneys and government agencies. Unrepresented parties are excluded by this order.  Attorneys or government agencies must also e-serve all documents required or permitted to be served on other attorneys or government agencies.  Upon receipt of this notice, attorneys and government agencies shall immediately add their firm/agency's service contact(s) for this case to the e-filing system.  For further information on e-filing, go to: http://www.mncourts.gov/district/4/?page=3953.

All future hearings and trial dates will be scheduled by the courtroom staff.  Check with the Court Display Monitors on the Public Service Level for the location on the day of the hearing.

A notice to remove this judicial officer must comply with Minnesota Rules of Civil Procedure 63.03 and Minnesota Statute § 542.16.

Failure to timely file any required document or other failure to comply with the General Rules of Practice for the District Courts may result in the impositions of sanctions, including possible dismissal of the case or striking of the Answer.

The Minnesota Supreme Court has adopted time objectives for the disposition of civil cases. The Fourth Judicial District adheres to these objectives which are: 90% of the cases should be disposed of within 12 months, 97% within 18 months, and 99% within 24 months of filing.

Dated: January 22, 2024

Court Administrator  
Hennepin County District Court

cc: Alexander Nelson  
American Modern Insurance Group  
NCM Insurance Agency

| State of Minnesota | District Court |
|---|---|
| County of: Hennepin | Judicial District: Fourth<br>Court File Number: 27-CV-24-774<br>Case Type: Discrimination |

Alexander Nelson
_____
Plaintiff / Petitioner (first, middle, last)

and

American Modern Insurance Group, Inc.
_____
Defendant / Respondent (first, middle, last)

**Waiver of Service of Summons**
Minn. R. Civ. P. 4.05

TO: Alexander Nelson
_____
(name of plaintiff/petitioner's attorney, or unrepresented plaintiff/petitioner)

I received your request that I waive service of a summons in the following lawsuit of

Alexander Nelson v. American Modern Insurance Group, Inc., et al. , in the District Court for
(caption of lawsuit; usually _____ vs. _____)

Fourth         District of Minnesota,  Hennepin                                    County.
(list the District: 1st - 10th)                (list the county)

   I have also received a copy of the complaint or petition in the lawsuit, two copies of this document (CIV022B), and a means for returning the signed waiver to you without cost to me. I agree to save the cost of service of the summons and complaint/petition in this lawsuit.

   I understand that I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons. I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 01/29/2024 (date request was sent), or within 90 days after that date if the request was sent outside the United States.

01/29/2024
_____
Date
*[signature]*
_____
Signature

Larry E. LaTarte
_____
Printed / typed name

Note: Court Form CIV022B is substantially similar to Minn. R. Civ. P. Form 22B and meets the rule requirements.

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Minnesota Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant/respondent located in the United States who, after being notified of an action and asked by a plaintiff/petitioner located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver. It is not good cause for a failure to waive service that a party believes that the complaint/petition is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.

A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought. A defendant/respondent who waives service must within the time specified on the waiver form serve on the plaintiff/petitioner's attorney (or unrepresented plaintiff/petitioner) a response to the complaint/petition. If the answer or motion is not served within this time, a default judgment may be taken against that defendant/respondent. By waiving service, a defendant/respondent is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.